UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PHILLIP J. RATH, JR.,

        Plaintiff,

        v.                                      Case No. 20-C-832

STATE OF WISCONSIN DEPARTMENT
OF CORRECTIONS, et al.,

        Defendants.

## SCREENING ORDER

Plaintiff Phillip J. Rath, Jr., who is currently detained at Winnebago County Jail and proceeding *pro se*, has filed a "Complaint and Request for Injunction" against the Wisconsin Department of Corrections and the State's Sex Offender Registry Program, as well as the Nebraska State Patrol and Nebraska Sex Offender Registry. Plaintiff, who apparently is charged in the Circuit Court for Calumet County with failing to register as a sex offender, claims that even though he is not legally required to register, the State of Wisconsin has wrongfully charged him with failing to do so and extradited him from where he was living in Nebraska. Plaintiff seeks damages for time spent in custody, the expenses he has incurred as a result of his extradition, and an injunction enjoining his prosecution. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy

of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2).  On June 18, 2020, the court waived the initial partial filing fee and directed Plaintiff that he must voluntarily dismiss the action within 21 days.  To date, Plaintiff has not moved to voluntarily dismiss this action and, subsequently, has filed additional submissions with the court.  Because Plaintiff has not moved to dismiss the action, the court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee and screen the complaint.

### SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The complaint must contain sufficient factual matter "that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor.  *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013).  Nevertheless, the

2

complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## THE COURT'S ANALYSIS

Under the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), federal courts are required to abstain from interfering in ongoing state criminal proceedings. That holding rested partly on traditional principles of equity, but was based primarily on the "even more vital consideration" of comity. *Id.* at 44. Comity refers to "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Id.* Thus, under *Younger*, Plaintiff's request for injunctive relief must be denied.

Claims for damages arising out of such proceedings need not be dismissed, however. When a court abstains under *Younger*, it must stay, rather than dismiss, § 1983 claims for money damages that cannot be redressed in the state proceeding; otherwise, the plaintiff's claims may be time-barred by the time the state case is resolved. *Deakins v. Monaghan*, 484 U.S. 193, 202–03 (1988). But Plaintiff's claims against Wisconsin and Nebraska for damages are barred by the Eleventh Amendment. States are immune from liability for damages under § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 68 (1989). It therefore follows that rather than order a stay, Plaintiff's damage claims should be dismissed. His motions for appointment of counsel and for a preliminary injunction are denied as moot.

**THEREFORE, IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee (Dkt. No. 2) is **GRANTED.**

3

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (Dkt. No. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for lack of subject matter jurisdiction and for failure to state a claim**.

**IT IS FURTHER ORDERED** that Plaintiff's motion (Dkt. No. 11) to amend the injunction is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $350.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined and emailed to DLSFedOrdersEastCL@doj.state.wi.us.

Dated at Green Bay, Wisconsin this 16th day of July, 2020.

                                              s/ William C. Griesbach
                                              William C. Griesbach
                                              United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.